UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 5745 LITTLE NECK, LLC, a New York Corporation,<br><br>                      *Plaintiff,*<br><br>     v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>                      *Defendant.* | Case No. 1:23-cv-06970 |

## COMPLAINT

Plaintiff 5745 Little Neck, LLC ("Plaintiff"), by and through its counsel, Law Offices of Robert V. Cornish, Jr., P.C., files this Complaint against the Department of Homeland Security ("DHS") for replevin of funds it erroneously seized. In support hereof, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a New York Corporation with its principal business address at 5745 256th Street, Little Neck, NY 11362

2. Headquartered in Washington, DC, DHS is a federal cabinet-level government agency. Included within the duties of DHS are surveillance of money transfers that it deems of national interest or of a security concern of the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction over Defendant because it resides and transacts business in this District and much of the conduct alleged in this Complaint occurred in this District.

5. Venue is proper in this District because: (i) pursuant to 28 U.S.C. § 1391(e), as DHS is a government agency subject to personal jurisdiction in this District with respect to this action.

## GENERAL ALLEGATIONS

6. Plaintiff maintained a bank account at Chase bearing the account number ending in the digits of XX3971, serviced at the Chase branch at 39-01 Main Street, Queens, New York. Plaintiff utilizes the account for its routine business affairs. Plaintiff is not on any OFAC sanctions list or otherwise restricted in its banking activities.

7. On or about August 20, 2022, Plaintiff received a funds transfer of $146,100 (the "Wire") by way of the World First wire transfer service, which is headquartered in the United Kingdom. The Wire was again in the routine affairs of Plaintiff.

8. On August 24, 2022, Plaintiff learned that the funds of the Wire were "withdrawn" from its account at Chase.

9. Upon inquiry to Chase, Plaintiff was told that the funds from the Wire had been seized by DHS for unknown reasons.

10. Inquiries to both Chase and Defendant have yielded no further information as to the purpose and reason for the seizure of these funds.

11. Without stating the reasons for the seizure of the funds from the Wire, the seizure of those funds by Defendant is, was and remains wrongful.

## CAUSES OF ACTION

### Count I - Replevin

12. Plaintiff incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

13. A party may bring an action for replevin to recover personal property that was wrongfully taken or withheld. *Pivar v. Graduate School of Figurative Art*, 290 A.D.2d 212, 212 (1st Dept. 2002) (citations omitted).

14. In a replevin action, the plaintiff seeks the return of property, not money damages. *Genger v. Genger,* 2016 N.Y. Slip Op. 30602 (Sup. Ct., N.Y. County 2016) ("The objective of replevin is recovery of the property, and the alternative relief or remedy is 'fixation of its value.'") (citations omitted).

15. A claim to recover property is generally governed by the law of the jurisdiction in which the property is located. See *Garrison Special Opportunities Fund LP v. Fidelity Nat'l Card Servs., Inc.*, 130 A.D.3d 546, 548 (1st Dept. 2015).

16. The funds derived from the Wire were located in New York and the property of a New York corporation when seized by DHS.

17. The funds derived from the Wire rightfully belong to Plaintiff and there is no reason why it should have been seized by DHS. Plaintiff's right to these funds is superior to that of DHS.

18. DHS or instrumentalities under its control continues to possess these funds that belong to Plaintiff.

19. Plaintiff is thus entitled to the provisional remedy of replevin under the laws of the State of New York and the return of the funds derived from the Wire.

## Count II - Negligence

20. Plaintiff incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

21. DHS had and continues to have a duty to inform Plaintiff as to its legal and factual bases to seize property and money in the execution of its regulatory duties.

22. DHS breached that duty to Plaintiff when it wrongfully seized the fund derived from the Wire.

23. As a direct and proximate cause of the wrongful conduct of DHS, Plaintiff has been injured in an amount no less than $146,100.

24. DHS is liable to Plaintiff under the cause of action of negligence under the laws of the State of New York.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in its favor and against DHS and either (a) order the return of $146,000 in its possession under New York's law of replevin or, (b) award Plaintiff compensatory damages of no less than $146,000.00, along with pre-judgment and post-judgment interest, costs and such other and further relief the Court deems just, proper, and equitable.

Dated: September 20, 2023

Respectfully Submitted,

*/s/ Robert V. Cornish, Jr.*
**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
32 Mercer Street, 3rd Floor
New York, NY 10013
Tel:  (307) 264-0535
Fax: (571) 291-6052
Email:  rcornish@rcornishlaw.com