BGK:CSK
F# 2023V04139

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

| | |
|---|---|
| 5745 LITTLE NECK LLC, | STIPULATION AND ORDER OF DISMISSAL |
| Plaintiff | |
| - against - | Civil Action No. 23-06970 (KAM)(RML) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Defendant. | |

- - - - - - - - - - - - - - - - X

It is hereby stipulated by and between the Plaintiff, 5745 Little Neck, LLC, and the Defendant, United States Department of Homeland Security, by and through their undersigned attorneys, in the interest of justice and to avoid unnecessary motion practice or judicial intervention as follows:

1. The above-referenced civil action shall be dismissed with prejudice, pursuant to Fed. R.Civ. P. Rule 41(a)(1)(A).

2. The United States Department of Homeland Security, U.S. Customs and Border Protection, Fines, Penalties and Forfeiture Office in Great Falls, Montana, (hereinafter "CBP/FP&F") shall reopen the administrative forfeiture proceedings against approximately $146,100 in United States Currency that was seized pursuant to a court-authorized seizure warrant issued by the United States District Court for the District of Montana, and which was assigned FP&F No. 2022-3324-000062-01.

1

3. CBP/FP&F shall issue prompt written notice of the reopening of the administrative forfeiture proceedings to Plaintiff and Plaintiff's undersigned counsel no later than seven (7) business days after this Stipulation of Dismissal and Settlement is so ordered by the Court.

4. Within three (3) business days of receipt of CBP/FP&F's notice, Plaintiff's counsel shall confirm receipt by email to CBP/FP&F at the following email addresses: GREATFALLSFPF@CBP.DHS.GOV and lisa.a.collins@cbp.dhs.gov.

5. Within thirty-five (35) days of receipt of CBP/FP&F's notice, Plaintiff, by and through counsel, will submit either an administrative petition or a claim for forfeiture, the latter of which should comply with 18 U.S.C. 983(a)(2)(C).

6. Plaintiff agrees to release and hold harmless the United States, United States Department of Homeland Security, U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, Homeland Security Investigations, its agencies, servants, and employees, from any and all claims, demands, rights, and causes of action of any kind and nature, arising from, the seizure of property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for return of property or negligence, for which Plaintiff, its owners, or its guardian, heir, executor, administrator, or assign, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.

7. Plaintiff, its owners, or guardian, heir, executor, administrator or assign further agree to reimburse, indemnify and hold harmless the United States, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the

2

prosecution of claims by Plaintiff, its owners, or guardian, heir, executor, administrator or assign against any third party or against the United States, including claims for damage or loss of property.

      8. This stipulation of dismissal is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. Neither party admits any claims or waives any substantive or procedural defenses in this action.

      9. Each party will bear its own costs, fees, and expenses, including but not limited to any attorney's fees, including, if applicable, under 28 U.S.C. § 2465 and/or 28 U.S.C. § 2412.

      10. The persons signing this stipulation of dismissal warrant and represent that they possess full authority to bind the persons or entities on whose behalf they are signing to the terms of this stipulation of dismissal.

      11. It is contemplated that this stipulation of dismissal may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

12. This stipulation of dismissal shall be effective upon it being approved and so ordered by the District Court.

Dated: Washington, D.C.
December 31, 2023

                                          Law Offices of Robert V. Cornish, Jr., PC
                                          680 South Cache Street, Suite 100,
                                          Jackson, WY 83001
                                          Attorneys for Plaintiff

                                        By: _____
                                             Robert V. Cornish, Jr.
                                             rcornish@rcornishlaw.com
                                             (307) 264-0535

AUTHORIZED, AGREED AND CONSENTED TO BY:

_Chang Freddy_____
5745 Little Neck, LLC
Authorized Principle/Officer: _Freddy Chang_

Dated: Brooklyn, New York
December 31, 2023

                                          BREON PEACE
                                          United States Attorney
                                          Eastern District of New York
                                          Attorney for Defendant
                                          271-A Cadman Plaza East
                                          Brooklyn, New York 11201
                                        By: _Claire S. Kedeshian_____
                                          Claire S. Kedeshian
                                          Assistant U.S. Attorney
                                          (718) 254-6051

SO ORDERED:

on _____, 2024
_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT COURT JUDGE
EASTERN DISTRICT OF NEW YORK

4